IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:23-cv-1064

| | |
|---|---|
| MARY BETH BERGMAN, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )   **MEMORANDUM OF LAW IN SUPPORT**<br>)   **OF MOTION FOR SUMMARY**<br>)   **JUDGMENT** |
| GEORGE REESER MOFFITT, III and<br>MICHELE MOFFITT, | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

Plaintiff Mary Beth Bergman and her husband were interested in purchasing George and Michele Moffitt's 33-foot vessel. They arranged for a sea trial for July 3rd. Joshua and Mary Beth Bergman, their surveyor Charles Davis and their yacht broker Lisa Tulevech were on board the vessel during the sea trial with George Moffitt. During the sea trial, the vessel hit two sharp waves, the Plaintiff fell to the deck and now alleges that she was severely injured as a result of this fall. The plaintiff has continued working since the accident and makes no claim for lost wages only for medical, and pain and suffering. Plaintiff, George Moffit and Lisa Tulevech have been deposed and there is no evidence of the standard of care owed to Plaintiff or a breach of that standard of care. (The other two passengers were sent subpoenas to the addresses identified by Plaintiff but did not respond.)

Allegations against Defendants:

During the sea trial of the vessel George Moffitt overtook a large wave, dropped into the trough of that wave, and dropped into another trough twice in succession. Complaint paragraph No. 14.

Defendant George Moffitt and Defendant Michele "by respondeat superior' were negligent in:

   a. failing to operate at a safe speed

1

    b. failing to keep the vessel under proper control

    c. failure to keep a proper lookout.

    d. operating the vessel without reasonable care under the circumstances

    e. operating in a vessel in a reckless and negligent manner  Complaint paragraph No. 16

Uncontested Facts

Michele Moffitt was not on board at the time of the accident and had no care, custody, or control of the vessel at any relevant time to this accident. Deposition of Plaintiff, page 46. (Exhibit A- Deposition of Mary Beth Bergman)

There is no evidence that George Moffit was Michele Moffitt's employee.

Plaintiff Mary Beth Bergman describes that the accident occurred because of a "rogue" wave. She states that the weather conditions were windy and choppy. Bergman Deposition page 16. Exhibit A.

Shortly after the vessel turned around to come back in through the inlet, they hit two rogue waves. Bergman Deposition page 19. Exhibit A.

She has no evidence that George Moffitt saw the waves. Bergman Déposition page 22. Exhibit A.

George Moffitt is an experienced vessel operator with 30 years of experience. Deposition of Geroge Moffitt, page 7(Exhibit B- Deposition of George Moffitt).

Plaintiff came to his house for a sea trial of the vessel. Deposition of George Moffitt, page 17. Exhibit B.

Although Joshua Bergman was a licensed captain, he did not want to drive the vessel. Deposition of George Moffitt page 27.

The water was windy and choppy on the way out, but not crazy bad. Deposition of George Moffitt page 28. Exhibit B.

On their return the vessel hit two rogue waves causing the vessel to drop suddenly. He had no warning of these waves. Deposition George Moffitt page 29 to 30. Exhibit B.

Plaintiff has not designated any liability experts and has not produced any reports or documentation supporting any of their liability contentions. See discovery RFP 22 through 25. (Exhibit C- Plaintiff's discovery responses).

1. <u>There are no viable claims against Michelle Moffitt.</u>

    Plaintiff alleges that Michele Moffitt is responsible under the doctrine of respondeat superior. However, Plaintiff has not pleaded or established the necessary employer/employee or principal/agent relationship. Michele Moffit was a co-owner of the vessel- Plaintiff has neither pleaded nor established any theory which would allow an absent co-owner to be held liable for operational negligence. In a similar case, a court confirmed that there is no maritime liability solely by being a "co-owner" of a vessel and dismissed the co-owner wife from the lawsuit. *Gogol v Maroulis*, 689 F. Supp 3d 73 (D.Md. 2023).

2. <u>Plaintiff agrees that this was a rogue wave and there is no evidence that it could have been avoided before the accident</u>.

    A rogue wave is a wave which appears unexpectedly and cannot be anticipated. Both George Moffitt and Plaintiff agree that her accident was caused when the vessel hit a rogue wave. There is no evidence that George Moffitt could have anticipated this wave and therefore he should be granted summary judgment.

    Judge Fox's analysis in a similar case is instructive. He granted summary judgment where plaintiff was unable to establish the requisite duty, and breach of duty. *Southard v Lester* 2006 US Dist. Lexis 109152(DCT 2006) attached. In *Southard*, a fishing vessel hit unexpected waves. In contrast to the case at bar, the defendant did see the wave and had time to try to throttle back. Defendant was unable to avoid the wave and plaintiff claimed he was injured when the wave lifted him from his seat, fracturing his spinal column and resulting in partial paralysis. The court stated that a maritime negligence claims are essentially the same as any other negligence claim:

    *"The plaintiff must demonstrate that there was a duty owed by the defendant to the plaintiff, breach of that duty, injury sustained by the plaintiff, and a causal connection between [the] defendant's conduct and the plaintiff's injury." In re Cooper/T. Smith, 929 F.2d 1073, 1077 (5th Cir. 1991).*

    *Although Plaintiff is free to attack Defendant Lester's credibility, Plaintiff overlooks the fact that Defendant Lester's testimony is the only evidence in the record with regard to the timing and formation of the "rogue" wave. Even Plaintiff's expert admits that he does not know where or when the "rogue" wave was formed. See Dep. of Benjamin Joyce [DE-26] at pp. 112- (describing*

*what causes "rogue" waves and admitting that he did not know how long the "rogue" wave at issue in this case existed prior to reaching the Osprey). Consequently, Plaintiff is essentially asking the fact finder to rely upon sheer speculation and conjectural hypothesizing to conclude that Defendant Lester breached his duty of reasonable care when he failed to avoid the "rogue" wave. This cannot propel Plaintiff past summary judgment. See Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985)("The nonmoving party, however, cannot create a genuine issue of material fact through mere speculation or building of one inference upon another.") id at 14*

General allegations of a rogue wave generally cannot establish negligence because a rogue wave cannot be anticipated.

3. <u>Plaintiff has failed to establish the scope of the duty owed by the Moffitts to Plaintiff.</u>

Plaintiff has no evidence establishing the standard of conduct required by the Moffitts in this accident. Plaintiff has not shown what conduct was expected by a prudent seaman when confronted with the sea conditions on July 3. Establishing the duty owed or standard of care is an essential element to the Plaintiff's claim.

4. <u>Plaintiff has failed to establish the breach of any duty owed to Plaintiff.</u>

Because Plaintiff has failed to identify the duty owed, she has no evidence of a breach of this duty. The Plaintiff pleads boiler plate causes of action but provides no specific act or response of George Moffitt as a breach of any duty. Discovery is closed and the only evidence in this case is that the vessel hit a rogue or unanticipated wave. Both Plaintiff and Defendant have testified that this was a Rogue Wave. George Moffitt's uncontested testimony is that he had no warning of the wave and did not have time to anticipate or maneuver once he hit the first wave.

Conclusion

There is no issue of material fact for trial. Plaintiff has failed to establish the standard of care for a prudent mariner on the date of the accident. Plaintiff has failed to establish the breach of this duty. Further, plaintiff agrees that the accident was caused by a rogue wave or waves. Defendant testified that the wave was unexpected and could not be avoided prior to the accident. Accordingly, summary judgment is proper in this case.

Respectfully submitted this the _____ day of November 2024.

CROSSLEY McINTOSH COLLIER HANLEY & EDES, PLLC

By: _____
Andrew Hanley
NC State Bar No.: 23738
5002 Randall Parkway, Suite 200
Wilmington, NC 28403
Telephone: (910) 762-9711
Facsimile: (910) 256-0310

5

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will deliver to the following counsel via electronic mail:

Steve L. Weeks
Wheatly Law Group, P.A.
P.O. Box 360; 710 Cedar Street
slw@wheatlylaw.com
Attorney for Plaintiff

Davidson S. Myers
P.O. Drawer 1006
Jacksonville, NC 28541-1006
dsm@warlicklaw.com

On this 13th day of November 2024.

Andrew Hanley