IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:23-cv-1064

| MARY BETH BERGMAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION OF SUMMARY JUDGMENT** |
| GEORGE REESER MOFFITT, III and MICHELE MOFFITT, | ) | |
| Defendants. | ) | |

    Defendant's motion for summary judgment is fundamentally an evidence question. Plaintiff has offered no evidence in response to the motion that creates an issue of material fact for trial. Both Plaintiff and Defendant agree that she fell because of the vessel hitting a rogue or unpredicted wave. Plaintiff has no knowledge or opinion regarding the seamanship of Mr. Moffitt or sea conditions at the time of the accident. Defendant George Moffitt's uncontested testimony is that he could not see the wave or predict the wave. There is no expert testimony to create an issue of material fact at trial out of these uncontested facts. The argument in Plaintiff's Reply cannot substitute for the issue of material <u>fact</u> required for trial.

    <u>Liability of Mrs. Moffitt</u>

    Plaintiff recognizes that Mrs. Moffitt was not on the vessel. Plaintiff now alleges that George Moffitt was acting as Mrs. Moffitt's agent. Plaintiff pleaded that the Moffitts were joint owners of the vessel. Complaint paragraph No. 4. Plaintiff now claims that although not joint owners George Moffitt was acting as agent for his wife at the time of the accident. However, Plaintiff has never pleaded a claim of agency, pleaded the facts necessary to establish agency, or has pleaded any individual claims against Mrs. Moffitt. The only allegation against Mrs. Moffitt is a reference to "respondeat superior" in paragraph No. 16 of the complaint. Mrs. Moffit should not be kept in this case on an agency claim that was not pleaded.

<u>Rogue Wave and lack of any facts showing negligence of the defendant.</u>

Plaintiff argues that a wave must be several times taller than the vessel for the wave to be called a" rogue wave". This contention is incorrect but also misses the point -a rogue wave is a wave which cannot be anticipated by the mariner and more importantly --<u>it was the Plaintiff who testified that the action was caused by the vessel hitting a rogue wave.</u> Plaintiff concedes in their memorandum that the key issue is that a mariner cannot be liable for failing to anticipate a wave that it is unexpected and cannot be anticipated. She focuses on the size of the wave rather than the principle that liability cannot be premised on sea conditions that cannot be anticipated.

The case must be dismissed because the uncontested evidence in this case is that the vessel hit an unexpected wave. There is no evidence that the Defendant could have avoided the wave. There is no evidence that the Defendant saw the wave. Both Plaintiff and Defendant agree that the vessel hit a series of waves that were not anticipated and could not be anticipated.

<u>Expert Testimony</u>

Plaintiff identified no issue of material fact for trial in this case. She has failed to address the fundamental fact in the case -- there is no evidence that George Moffitt saw the wave or could have avoided the wave. She is asking this Court to ignore her testimony and speculate that George could or should have done something different despite the uncontested testimony of both witnesses. While expert testimony may not be necessary in most cases -- in this case there is no lay or expert testimony to create an issue of material fact.

Even if the Plaintiff established that George could have seen the wave, she has still failed to present an issue material fact for trial. She fails to establish the standard of care for George in such a circumstances and how he failed to meet that standard of care. There is simply no evidence of what actions George would have prudently taken let alone any failure to take those actions. This is a case where Mr. Moffit is being sued for poor seamanship. Evidence of seamanship usually requires expert testimony- especially where Plaintiff is inexperienced or unaware of the sea conditions.

The reasoning in a similar unpublished opinion is persuasive- the Fourth Circuit has found that summary judgment was proper where there was an **"…absence of any testimony by an expert establishing that Mr. Felton's operation of the boat deviated from the standard of care, and given Mrs. Felton's self-confessed ignorance of seamanship** *see Fed R. Evid 701, 702* **there is not sufficient evidence upon which a reasonable trier of fact could**

conclude, by a preponderance, that Mr. Felton negligently operated the boat." *Felton v Felton*, 1999 U.S. App. LEXIS 12081 (4th Cir. 1999).

Even if Plaintiff established that the wave should have been Anticipated by Mr. Moffit- she still must establish that his poor seamanship caused her injury. A District Court in Rhode Island persuasively discusses this issue:

**"Furthermore, these conclusions are bolstered by the fact that Plaintiff has not presented any expert testimony in support of its positions. In the present circumstances, expert testimony is required to apprise the trier of fact of what constitutes reasonable care [**13] under the circumstances and of whether the Monhegan's actions caused an inevitable allision. See Dougherty v. Haaland, 457 F. Supp. 860, 866 (E.D. Penn. 1978) (expert testimony required where "matters clearly lie outside the common knowledge and experience of ordinary persons"), aff'd 601 F.2d 574 (3d Cir. 1979); Long Island R.R. Co. v. N.Y. Cent. No. 25, 182 F. Supp. 100, 103-04 (S.D.N.Y. 1960) (requiring expert testimony as to whether moving vessel acted with reasonable care to rebut Louisiana rule's presumption); see also Porto Rico Lighterage Co. v. Capitol Constr. Co., 287 F.2d 507, 509 n.1 (1st Cir. 1961) (explaining that "[s]eamanship is a matter normally calling for expert testimony, and not advocacy, or wisdom after the event"); Transp. Line v. Hope, 95 U.S. 297, 299, 24 L. Ed. 477 (1877) (discussing the important role and admissibility of expert testimony in maritime cases). The facts of this case lie outside the Court's ken and thus require the aid of expert testimony, which Plaintiff has not provided.11 Therefore, no reasonable trier of fact could find for the Plaintiff and, the Plaintiff cannot rebut the presumption that it is at fault."**

*Galaxy Lights Ltd. v. Priestly*, 642 F. Supp. 3d 225, 233 (Dct RI 2022)

Plaintiff has provided no lay or expert testimony upon which this court can rule that George Moffitt failed to meet the standard of care owed by a prudent mariner.

<u>Conclusion</u>

Plaintiff and Defendant agree that the accident was caused by an unanticipated and unforeseeable series of waves. Plaintiff has produced no evidence which establishes an issue of material fact for trial. Plaintiff has not pleaded a viable claim against Mrs. Moffitt. Accordingly, Plaintiff's suit should be dismissed in whole or in part.

Respectfully submitted this the 10th day of December, 2024.

        CROSSLEY McINTOSH COLLIER HANLEY & EDES, PLLC

        By: /s/Andrew Hanely
           Andrew Hanley
           NC State Bar No.: 23738
           5002 Randall Parkway, Suite 200
           Wilmington, NC 28403
           Telephone: (910) 762-9711
           Facsimile: (910) 256-0310

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will deliver to the following counsel via electronic mail:

Steve L. Weeks
Wheatly Law Group, P.A.
P.O. Box 360; 710 Cedar Street
slw@wheatlylaw.com
Attorney for Plaintiff

Davidson S. Myers
P.O. Drawer 1006
Jacksonville, NC 28541-1006
dsm@warlicklaw.com

On this 10th day of December, 2024.

/s/Andrew Hanley
Andrew Hanley